# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| DIPPOLD MARBLE & GRANITE, INC., a Delaware corporation, | : | C.A. No: K12C-09-021 RBY |
| | : | |
| _____Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, a corporation, | : | |
| | : | |
| Defendant. | : | |

*Submitted: July 1, 2014*
*Decided: September 22, 2014*

***Upon Consideration of Defendant's
Motion for Summary Judgment
DENIED***

**ORDER**

Jayce R. Lesniewski, Esquire, A Delaware Lawyer, Inc., Dover, Delaware for Plaintiff.

Shae L. Chasanov, Esquire, Swartz Campbell, LLC, Wilmington, Delaware for Defendant.

Young, J.

**SUMMARY**

Harleysville Mutual Insurance Company ("Defendant") moves for summary judgment pursuant to Superior Court Civil Rule 56(c). This matter arises from Dippold Marble & Granite, Inc.'s ("Plaintiff") Complaint, alleging breach of contract, with respect to Defendant's denial of insurance coverage for Plaintiff's insurance claim for damaged personal property. There are several genuine issues of material fact regarding the extent to which the insurance policy between Plaintiff and Defendant ("Policy") covers the causes of Plaintiff's property loss. Therefore, Defendant's Motion for Summary Judgment is **DENIED**.

**FACTS AND PROCEDURE**

Plaintiff was a lessee of a commercial rental unit located at 314 Bay West Boulevard, New Castle, Delaware ("the Rental Unit"). Defendant insured Plaintiff against property damage to the contents of the Rental Unit under its Policy. Plaintiff used the Rental Unit primarily for warehouse purposes, storing equipment, materials, and supplies for her marble and granite stone business. Plaintiff accessed the Rental Unit occasionally as needed.

On September 14, 2012, Plaintiff filed a Complaint alleging breach of contract, with respect to Defendant's denial of insurance coverage arising out of an insurance claim raised by Plaintiff. Plaintiff's Complaint alleges that, on September 21, 2010, a demolition performed on the unit neighboring her Rental Unit left her personal property exposed to rain and wind. Plaintiff had no prior notice of that demolition. Further, Plaintiff was excluded from the premises. The other Defendants in this action, the subjects of Count I of Plaintiff's Complaint,

2

taped the Rental Unit, and posted notices not to enter. By the time Plaintiff discovered that her personal property was exposed to the elements, the contents had been damaged. Plaintiff claims damages in the amount of $90,995.52 plus costs for a dumpster, removal and disposal fees, and labor costs to dispose of the damaged contents.

Count II of Plaintiff's Complaint, the subject of the instant matter, is a contract claim against Defendant, alleging that Defendant wrongfully denied coverage, and thereby breached its insurance contract with Plaintiff.

At the time of the demolition, Plaintiff had insurance coverage that applied to her rental unit through Defendant. This Policy provided that Defendant would not pay for loss or damage caused by or resulting from:

> (f) Continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

Plaintiff testified at her deposition that she was denied access to her rental unit in February 2010, precluding her from gaining access until September 2010. Once she regained access to her property, she hired dumpsters, disposing of damaged goods. During her deposition, Plaintiff also testified that portions of the building appeared to have collapsed.[1] The property disposed of was unavailable for inspection by Defendant's expert, Frank Cogent. However, Frank Cogent was able to examine some of Plaintiff's purported damaged property, concluding that the

---

[1] Pltf's Dep. Tr. At p.45: 6-11. Exhibit E.

surface appearance of the property within the storage unit had the characteristics of mold growth. Further, Frank Cogent opined that the bulk of the mold growth seen on Plaintiff's personal property occurred during June, July, and August of 2010. On May 15, 2014, Defendant submitted the instant Motion for Summary Judgment. On June 1, 2014, Plaintiff submitted her Response to Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is granted upon a showing that there is no genuine issue of material fact, where the moving party is entitled to judgment as a matter of law.[2] The Court views the evidence in the light most favorable to the non-moving party.[3] The moving party bears the burden of showing that no material issues of fact are present, but once a motion is supported by such a showing, the burden shifts to the non-moving party to demonstrate that there is a genuine dispute as to material issues of fact.[4]

## DISCUSSION

Defendant argues that the mold growth on Plaintiff's damaged property occurred during a time period of 14 days or more, such that the Policy excludes coverage for this incident. Defendant contends that the language contained in the Policy, as well as the relevant exclusion, is clear and unambiguous. Therefore,

---

[2] Super. Ct. Civ. R. 65(c).

[3] *Windom v. Ungerer*, 903 A.2d 276, 280 (Del. 2006).

[4] *Moore v. Sizemoore*, 405 A.2d 679, 680-81 (Del. 1979).

Defendant asserts that the Policy should be construed based on its plain terms, resulting in Defendant's dismissal.

In response, Plaintiff argues that there are genuine issues of material fact as to the causes of damage, the extent to which Plaintiff's property was damaged by those causes, and the extent to which the Policy covers those causes of loss. However, Plaintiff concedes that the Policy does contain specific exclusions from coverage.

Examples of material issues in dispute include whether "Business Personal Property located in or on the building"[5] is Covered Property as well as whether the costs of debris removal are to be covered by Defendant under Section 4, page 5 of the Policy. Moreover, there are material disputes concerning whether covered causes of loss are "Risks of Direct Physical Loss unless the loss is 1. Excluded in Section B., Exclusions, or 2. Limited in Section C., Limitations; that follow."[6] According to Plaintiff, losses not specifically excluded or limited are covered losses under the Policy.

Plaintiff testified that portions of the building appeared to have collapsed. Physical loss caused by collapse of a building is covered in Subsection D titled "Additional Coverage– Collapse."[7]  Plaintiff also testified that she observed

---

[5]  CP0010(04-02) Building and Personal Property Coverage Form. Exhibit A.

[6]  CP1030(04-02) Cause of Loss- Special Form. Exhibit B.

[7]  Plaintiff's Response, Exhibit B, p. 6.

weather-related damage to the property.[8] Losses caused by weather conditions are specifically covered under Subsections B.3 and C.1 of the Policy. Exclusions for water from external sources is covered under Subsection B.1.g., and the Water Exclusion Endorsement Modification of the Policy. The parties are in disagreement as to whether the damage to which Plaintiff testified is covered under Defendant's policy.

In addition, Plaintiff asserts that, upon Plaintiff's submission of the claim to Defendant, and prior to the disposal of the property, Defendant's claims adjuster reviewed the damaged property. Defendant has refused to disclose any information relating to that claims adjuster or the results of that review. Plaintiff intends to discover the identity of that claims adjuster, for potential discovery.

Plaintiff also argues that the exclusion cited by Defendant, namely "continuous or repeated seepage or leakage of water" is inapplicable to the facts of this case. Water from external sources entering the building is covered in other provisions of the contract.

Finally, Plaintiff asserts that there is a genuine issue of material fact regarding whether the "seepage or leakage" was "continuous or repeated."

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

Many factual claims that have been developed by the respective parties, the interpretation arguments, and the legal effects are in sharp dispute. Hence, Summary Judgment is not appropriate.

---

[8] Plaintiff's Dep. Tr. at p. 104: 16-17, p. 108: 18-21. Exhibit E.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc: Prothonotary
cc: Counsel
   Opinion Distribution
   File